UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeff Stark and Clark Anderson as Trustees of the District Council No. 82 Health Care Fund, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>Advanced Architectural Glazing, L.L.C.,<br><br>Defendant. | Case No: 22-CV-2350 (MJD/TNL)<br><br>**ORDER** |

This matter was heard before the undersigned. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. The Complaint was filed with the Court on September 26, 2022. (Court Docket No. 1)

2. The Complaint was served on Defendant Advanced Architectural Glazing, L.L.C. ("Advanced Architectural") on September 26, 2022. (Court Docket No. 4)

3. Advanced Architectural failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Advanced Architectural to answer the Complaint lapsed.

4. The Clerk entered Default on October 19, 2022. (Court Docket No. 7)

5. Plaintiffs are Trustees and Fiduciaries of the District Council No. 82 Health

1

Care Fund, Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the District Council 82 Painting Industry Pension Fund the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership ("the Funds").

6.  The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7.  The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

8.  The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9.  Defendant has been bound to the terms of the Twin Cities Glazier Architectural Metal Agreement, a collective bargaining agreement with the International Union of Painters and Allied Trades, AFL-CIO District Council 82/Local Union 1324 Glaziers Architectural Metals & Glassworkers with a term of June 3, 2019 through June 5, 2022 ("CBA").

10.  The CBA requires Advanced Architectural to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by its employees covered by the CBA.

11. The CBA requires Advanced Architectural to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Advanced Architectural's monthly payment to the Funds.

12. The CBA states that Advanced Architectural shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The CBA requires that Advanced Architectural promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

14. The CBA states that if Advanced Architectural fails or refuses to furnish any of its records to the Trustees of the Funds or their authorized agents upon demand or refuses to afford the Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by Advanced Architectural.

15. The Funds' authorized agent requested that Advanced Architectural permit an audit as authorized by the CBA and Trust Agreements covering the period of January

1, 2020 through March 31, 2022 ("Audit Period").

16. Advanced Architectural breached the terms of the CBA and Trust Agreements by failing and refusing to submit the required monthly remittance reports and contributions for the period of February 2022 and March 2022 ("Delinquency Period").

17. Advanced Architectural produced the records sufficient to determine the amounts due and owing for the Delinquency Period. Pursuant to those reports, $22,505.49 is due and owing to the Funds.

18. The Funds received partial payments on behalf of Advanced Architectural in the amount of $9,669.33 for which it is entitled to a credit. Following application of that credit, $12,836.16 remains due and owing for unpaid contributions for the Delinquency Period.

19. While Advanced Architectural has produced some of the requested payroll and employment records, Advanced Architectural further breached the terms of the CBA and Trust Agreements by failing to submit all requested payroll and employment records for the Audit Period.

20. Specifically, following a review of the payroll and employment records, the Funds' authorized agent determined that there were hours worked by Defendant's employees that were covered by the CBA for which Defendant did not submit the required contributions to the Funds.

21. In that regard, the Funds' agent determined that $2,063.28 was due and owing for delinquent contributions for the Audit Period.

22. The CBA and Trust Agreements provide that any employer, like Advanced Architectural, that fails to make the required contributions shall pay liquidated damages.

23. Liquidated damages in the amount of $2,250.55 are due and owing for the Delinquency Period.

24. Liquidated damages in the amount of $206.33 are due and owing for the Audit Period.

25. The CBA states that Advanced Architectural shall be required to pay all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements.

## CONCLUSIONS OF LAW

1. Advanced Architectural is in default and the Funds are entitled to entry of judgment.

2. Advanced Architectural is liable to the Funds in the amount of $14,899.44 for unpaid contributions due and owing for the Audit Period and Delinquency Period.

3. Advanced Architectural is liable to the Funds in the amount of $2,456.88 for liquidated damages due and owing for the Audit Period and Delinquency Period.

4. Advanced Architectural is liable to the Funds in the amount of $2,766.87 for attorneys' fees and costs due and owing for the Audit Period and Delinquency Period.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein IT IS ORDERED:

1. That Plaintiffs' Motion For Default Judgment (Doc. 8) is granted.

2. That judgment in the amount of $20,123.19 be entered against Defendant and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 3-28-27

Michael J. Davis
United States District Court